UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1814

MELANIE HIBBITTS; LYNN LOWE; RUBY COFFEY,

Plaintiffs – Appellants,

v.

BUCHANAN COUNTY SCHOOL BOARD; TOMMY P. JUSTUS, Individually
and in his official capacity as Superintendent of the
Buchanan County Public Schools; CRAIG STILTNER, Individually
and in his official capacity as a member of the Buchanan
County School Board; CLARENCE BROWN, JR., Individually and
in his official capacity as a member of the Buchanan County
School Board; WAYNE DESKINS, Individually and in his
official capacity as a member of the Buchanan County School
Board; WILLIE SULLIVAN, Individually and in his official
capacity as a member of the Buchanan County School Board;
LARRY LOONEY, Individually and in his official capacity as a
member of the Buchanan County School Board; PAUL HAYES,
Individually and in his official capacity as a member of the
Buchanan County School Board,

Defendants – Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, District
Judge.  (1:09-cv-00073-jpj-pms)

Submitted:  May 2, 2011                 Decided:  June 1, 2011

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John P. Fishwick, Jr., Monica L. Mroz, LICHTENSTEIN, FISHWICK & JOHNSON, P.L.C., Roanoke, Virginia, for Appellants. William Bradford Stallard, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melanie Hibbitts, Lynn Lowe, and Ruby Coffey ("the Administrators") appeal the district court's order granting summary judgment to the Defendants in this 42 U.S.C. § 1983 (2006) civil action. This case arose after the Virginia Department of Education alleged that several students at the middle school where the Administrators worked had received inappropriate assistance on the Virginia Grade Level Alternative Assessment tests. The school superintendent sought to place the Administrators, who had obtained continuing contract status, on probation beginning in the 2009–2010 school year. The Administrators refused to sign the probationary contracts, and requested a hearing. They then brought suit against the superintendent, the Buchanan County School Board, and the individual school board members ("the School Board parties"). The Administrators alleged that the School Board parties had violated their property and liberty interests. The Administrators continued to work and to be paid under the terms of their 2008-2009 contracts.

After bringing suit in November 2009, the Administrators signed standard contracts for the 2009-2010 school year. In April 2010, the superintendent wrote letters to the Administrators informing them that they would be reassigned to teaching positions for the following year. In light of their

3

demotions, the Administrators moved to amend their complaint in order to add a claim of retaliation and violation of due process, on the ground that the Superintendent's letters did not strictly comply with Virginia law. The district court denied the Administrators' motion to amend their complaint and granted summary judgment in favor of the School Board parties. The Administrators appealed.

Under Federal Rule of Civil Procedure 15(a)(2), after the time for amending a complaint as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, id., and should be denied only when the amendment is offered in bad faith, is prejudicial, or would be futile. IGEN Int'l, Inc. v. Roche Diagnostics GmbH, 335 F.3d 303, 311 (4th Cir. 2003).

Virginia law specifically permits a school board to reassign a tenured administrator to a teaching position with a salary reduction as long as the administrator receives written notice and the opportunity to have an informal meeting before the demotion. Va. Code Ann. § 22.1-294(C), (D) (2006). The only process guaranteed by the Constitution is notice and a hearing before termination or deprivation of the protected property right. Cleveland Bd. of Educ. v. Loudermill, 470 U.S.

4

532, 542, 546 (1985). Here, the Administrators received written notice informing them of their demotions and they were given the opportunity for a meeting prior to their demotions. Accordingly, because their additional claims were futile, the Administrators cannot show that the district court erred in denying their motion to amend their complaint.

We review a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclusory or speculative allegations do not suffice," to create such a genuine dispute, "nor does a mere scintilla of evidence in support of [a] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We may affirm a district court's judgment on any ground supported by the record. Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006).

Public employees may have a constitutionally protected property interest in their employment. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 546 (1985); Andrew v. Clark, 561 F.3d 261, 269 (4th Cir. 2009). A Virginia public school administrator has a protected property right in her employment once she obtains continuing contract status. Wooten v. Clifton Forge Sch. Bd., 655 F.2d 552, 554-55 (4th Cir. 1981). However, although Virginia state law provides certain procedural safeguards, the Fourteenth Amendment's due process right to property does not guarantee a right to a particular job, or the right to "perform particular services." Fields v. Durham, 909 F.2d 94, 98 (4th Cir. 1990).

Here, because the Administrators cannot point to any actual government interference with their right to a continuing contract, they have not shown that their property rights in their employment status were violated. See Equity in Athletics, Inc. v. Department of Educ., ___ F.3d ___, 2011 WL 790055, at *13 (4th Cir. Mar. 8 2011); In re Premier Automotive Servs., Inc., 492 F.3d 274, 282 (4th Cir. 2007); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1141 (4th Cir. 1990).

Further, the Administrators have not shown that their due process rights were violated because they have not shown that any state action deprived them of a protected liberty or

6

property interest.  <u>Equity in Athletics, Inc.</u>, ___ F.3d ___, at *13; <u>Johnson v. Morris</u>, 903 F.2d 996, 999 (4th Cir. 1990).

We have reviewed the record and find no reversible error.  Accordingly, we affirm the judgment below.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>