**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2195**

UNITED STATES OF AMERICA; UNITED STATES OF AMERICA, Beneficiary; UNITED STATES ATTORNEY JOHN STUART BRUCE, Substitute Trustee,

Plaintiffs - Appellees,

v.

WALLACE DIXON COX; LISA COX,

Defendants – Appellants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:15−cv−00193−BO)

Submitted: May 11, 2018                          Decided: July 20, 2018

Before KEENAN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Lee Davis, III, Lumberton, North Carolina, for Appellants. Robert J. Higdon, Jr., United States Attorney, G. Norman Acker, III, First Assistant United States Attorney, Stephen A. West, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The United States brought a judicial foreclosure action on property securing promissory notes signed by Wallace Dixon Cox and Lisa Cox as part of the settlement of an earlier civil in rem forfeiture case. The district court granted the government's motion for judgment on the pleadings and the Coxes now appeal, arguing that an affidavit filed by Mr. Cox created a genuine issue of material fact that precluded judgment on the pleadings. They add that the promissory notes are the result of an unlawful settlement agreement and that the district court erred by failing to rule on their Rule 12(b)(6) motion. We disagree with these arguments and affirm.

I.

A.

The U.S. government brought a civil in rem forfeiture action against the Coxes as a result of their involvement in illegal gambling and money laundering operations, seeking disgorgement of "property constituting or derived from proceeds traceable to violations of 18 U.S.C. §§ 1955 and 1956." S.A. 6–7.[1] In December 2010, the Coxes reached a settlement agreement with the government in which they agreed to forfeit certain properties, including money in bank accounts, gambling machines, trucks, an airplane, and $3,066,837.25, which was later memorialized in several promissory notes signed by the couple and secured by real property. The terms of the settlement agreement gave the Coxes

---

[1] Addendum to the Appellants' Brief, or Supplemental Appendix (S.A.).

2

three years to pay the required sum. In the event they failed to pay, the government had "the right to immediately foreclose on" certain properties. S.A. 20. The Coxes also agreed to waive their right to further contest the forfeitures.

Shortly after settling the civil forfeiture action, the government charged the Coxes with conspiracy to commit money laundering. Both pleaded guilty. Wallace Cox was sentenced to thirty-three months' imprisonment and Lisa Cox to three years' probation. During this time, the Coxes also made payments under the various promissory notes, but were unable to pay the entire amount before the three-year period expired. As a result, the government negotiated another promissory note and deed of trust extending the time limit, but the Coxes were again unable to make the required payments. By August 20, 2015, the total amount remaining due was $3,198,987.12 including accrued interest.

B.

On September 3, 2015, the government filed a complaint seeking judicial foreclosure of the various properties securing the promissory notes. The Coxes filed a motion for extension of time to answer along with an affidavit from Wallace Cox. The affidavit stated that the Coxes' attorney had told them the settlement agreement in the civil forfeiture action would resolve their case without criminal or further civil charges and that "the proposed agreement was signed by their attorney, without their signature." J.A. 26.[2]

---

[2] Joseph Cheshire represented the Coxes during the course of the civil forfeiture action and resulting settlement agreement. Another attorney at Cheshire's firm, John Keating Wiles, also entered a notice of appearance and later signed the settlement agreement on the Coxes' behalf.

3

The Coxes later filed a joint answer to the complaint and counterclaim including a section titled "FIRST DEFENSE," which contained a motion to dismiss for failure to state a claim. The motion was not accompanied by a supporting memorandum as required by the district court's local rules. The government answered the counterclaim and later moved for judgment on the pleadings. The Coxes then filed a response to the government's motion for judgment on the pleadings as well as a motion to dismiss for lack of subject matter jurisdiction.

The district court found that it had subject matter jurisdiction over the action generally, but could not order foreclosure of properties outside its jurisdiction. Nonetheless, the district court granted the government's motion for judgment on the pleadings directing foreclosure of those properties located within the court's jurisdiction. The court concluded that the Coxes' constitutional arguments lacked merit and that counsel had authority to sign the settlement agreement on the Coxes' behalf.

This appeal followed.

II.

The Coxes raise three issues on appeal. First, they contend that the district court erred by finding that Mr. Cox's affidavit did not create a genuine issue of material fact sufficient to preclude judgment on the pleadings. Second, they argue that the scope of the original civil in rem forfeiture action and the resulting settlement agreement violated the Constitution's Excessive Fines Clause. Finally, they claim that the district court erred in

4

failing to rule on their motion to dismiss for failure to state a claim. We address each issue in turn.

A.

"We review de novo a district court's ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citation omitted). Thus judgment on the pleadings requires a court to accept "all well-pleaded allegations . . . as true and draw[] all reasonable factual inferences from those facts in the [non-moving party]'s favor." *Id.* (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "Nevertheless, we are not obliged to accept allegations that represent unwarranted inferences, unreasonable conclusions, or arguments . . . [and] the complaint will survive only if it states a plausible claim for relief." *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (internal quotation marks omitted).

The Coxes contend that there is a genuine issue of material fact as to whether counsel had authority to sign the civil forfeiture settlement agreement on their behalf. While such a contention may, in some circumstances, require an evidentiary hearing, the general presumption is that "counsel of record have the apparent authority to settle litigation on behalf of their client," unless otherwise limited. *Columbus-America Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 298 (4th Cir. 2000). The Coxes must offer something more than a conclusory or speculative allegation to create a genuine dispute about their attorney's authority. *See Hibbitts v. Buchanan Cty. Sch. Bd.*, 433 F. App'x 203, 205 (4th Cir. 2011).

5

The Coxes point to Wallace Cox's affidavit in support of their claim that counsel had no authority to enter the settlement agreement. But at best, the affidavit suggests only that the Coxes may have misunderstood (or received incorrect advice about) the consequences of the agreement. And as the district court aptly noted, the Coxes voluntarily complied with the terms of the original settlement agreement, including executing promissory notes even after they pleaded guilty to conspiracy to commit money laundering. Indeed, it was not until after this foreclosure suit was filed that the Coxes first challenged the settlement agreement.

We therefore reject the Coxes' claim of error.

## B.

The Coxes also contend that the civil forfeiture action and resulting settlement agreement implicate the Constitution's Excessive Fines Clause. Specifically, they claim that the forfeiture action included properties not connected to their crimes in violation of the Excessive Fines Clause and that a settlement agreement derived from an unconstitutional civil in rem forfeiture is similarly unconstitutional. "Application of the Excessive Fines Clause presents a question of law that we review *de novo*." *United States v. Jalaram, Inc.*, 599 F.3d 347, 351 (4th Cir. 2010).

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const. amend. VIII. The Excessive Fines Clause applies to punitive forfeitures "imposed at the culmination of a criminal proceeding," following "conviction of an underlying felony." *Jalaram*, 599 F.3d at 353 (quoting *United States v. Bajakajian*, 524 U.S. 321, 328 (1998)). It similarly applies to civil in rem

6

forfeitures. *See Austin v. United States*, 509 U.S. 602, 604 (1993). But the appeal before us is neither. Rather, it arises from an order of judicial foreclosure stemming from the breach of a promissory note.[3] Foreclosure sales resulting from a breach of settlement do "not constitute a 'forfeiture' or 'punishment' that would trigger the protections of the Excessive Fines Clause." *United States v. Kearns*, 61 F.3d 1422, 1428 (9th Cir. 1996). The Coxes' argument to the contrary is meritless.

## C.

Finally, the Coxes claim that the district court erred by failing to rule on their 12(b)(6) motion. We hold that the Coxes waived this argument.[4]

Local Civil Rule 7.1(e) requires motions filed in the Eastern District of North Carolina (when not covered by Rule 77.2, which is inapplicable here) to be "filed with an

---

[3] The Coxes also argue that the settlement agreement violated the Constitution's Self-Incrimination and Double Jeopardy Clauses and that the debt stemming from the promissory notes is therefore invalid. Here again the Coxes fail to comprehend the scope of their appeal. The case before us is an appeal of a foreclosure proceeding. Because these are not "proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offences committed by him," the Self-Incrimination Clause is not triggered. *United States v. U.S. Coin and Currency*, 401 U.S. 715, 718 (1971). Nor is the Double Jeopardy Clause implicated in this case. *See Hudson v. United States*, 522 U.S. 93, 99 (1997) (holding that the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments" for the same offense); *see also United States v. Ursery*, 518 U.S. 267, 292 (1996) (holding that civil in rem forfeitures are not criminal for purpose of the Double Jeopardy Clause).

[4] The Coxes' brief on this issue attacks the legal sufficiency of the government's complaint in the earlier civil forfeiture action. But the Coxes never contested the scope of that action, choosing instead to settle it.

accompanying supporting memorandum." E.D.N.C. Civ. R. 7.1(e). The Coxes' motion to dismiss for failure to state a claim was not accompanied by a supporting memorandum. In fact, the motion was not filed separately but instead was buried as a first defense within the Coxes' joint answer and counterclaim. Moreover, there is nothing in the record indicating (nor do the Coxes allege) that they asked the district court to rule on the motion before pursuing their appeal.

Accordingly, we hold that the Coxes waived the issue. *See United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) ("Failure to raise an argument before the district court typically results in the waiver of that argument on appeal.").

III.

For the reasons given, the judgment of the district court is

*AFFIRMED.*